## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| TIR TECHNOLOGIES LIMITED, | |
| Plaintiff, | Case No. 1:25-cv-865 |
| v. | **JURY TRIAL DEMANDED** |
| AMAZON.COM, INC., AMAZON.COM SERVICES LLC, and AMAZON WEB SERVICES, INC., | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT
## AGAINST AMAZON WEB SERVICES, INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Tir Technologies Limited ("Plaintiff" or "Tir") makes the following allegations against Defendants Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. ("Defendants"):

## INTRODUCTION

1.    This complaint arises from Defendants' unlawful infringement of the following United States patents owned by Plaintiff, which relate to improvements in processing devices and systems:  United States Patent Nos. 8,792,347 ("the '347 Patent"), 9,800,633 ("the '633 Patent"), 10,484,442 ("the '442 Patent"), and 10,375,444 ("the '444 Patent") (collectively, the "Asserted Patents").

## PARTIES

2.    Plaintiff Tir Technologies Limited, is a private company limited by shares organized and existing under the laws of Ireland, with its principal place of business at The Hyde

Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland. Tir is the sole owner by assignment of all rights, title, and interest in the Asserted Patents, including the right to recover damages for past, present, and future infringement.

3.      On information and belief, Defendant Amazon.com, Inc. (herein "Amazon") is a Delaware corporation with a listed registered agent of Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. Amazon.com, Inc. has a principal place of business at 410 Terry Ave. North, Seattle, Washington 98109-5210. Amazon.com, Inc. may also be served with process via its registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

4.      On information and belief, Defendant Amazon.com Services LLC (formerly "Amazon.com Services Inc." and referred to herein as "Amazon Services") is a limited liability company organized under the laws of the state of Delaware, with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109. Amazon Services is a wholly owned subsidiary of Amazon. Amazon Services is registered to do business in the State of Texas and may be served with process via its registered agent Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5.      On information and belief, Defendant Amazon Web Services, Inc. (herein "AWS") is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, WA 98109-5210, U.S.A.  AWS is registered to do business in the State of Texas and may be served through its registered agent Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. On information and belief, AWS is a wholly-owned subsidiary of Amazon.com, Inc.

## JURISDICTION AND VENUE

6.    This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.    This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants maintain places of business within the State, including at 11501 Alterra Pkwy, Austin, Texas 78758.  Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, making, using, offering to sell, and selling products and services that infringe the Asserted Patent.  AWS, Amazon Services, and Amazon.com Inc. are each registered to do business in the State of Texas, and have appointed as their registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, for service of process.

8.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).  Defendants are registered to do business in Texas, and upon information and belief, have transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products and services that infringe the Asserted Patent.  Defendants have regular and established places of business in this District, including at 11501 Alterra Pkwy, Austin, Texas 78758.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,792,347

9.      Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

10.      Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,792,347, titled "Real-time network monitoring and subscriber identification with an on-demand appliance." The '347 Patent was duly and legally issued by the United States Patent and Trademark Office on July 29, 2014.  The '347 Patent is valid and enforceable.  A true and correct copy of the '347 Patent is attached hereto as Exhibit 1.

11.      Upon information and belief, Defendants have infringed and continues to infringe, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of U.S. Patent No. 8,792,347, including at least claim 1, under 35 U.S.C. §§ 271 (a), (b), and (c) by performing each step of the claimed method, and by directing or controlling the performance of such steps by third parties. Defendants offer, provide, maintain, operate, and administer selective traffic monitoring services, including without limitation Amazon Prime Video and AWS CloudFront, in a service provider network that performs the steps of the claimed method either directly through its own actions, through the operation of equipment under its control, or through customers acting under conditions established and orchestrated by Defendant (the "Accused Products and Services"). By making, using, offering for sale, selling and/or importing into the United States the Accused Products and Services, Defendants have injured Plaintiff and are liable for infringement of the '347 Patent pursuant to 35 U.S.C. § 271(a).

12.      Defendants further induce infringement under 35 U.S.C. § 271(b) by encouraging, instructing, or otherwise facilitating customers and end users to use the Accused Products and Services, in a manner that directly infringes the claimed method, literally and/or under the doctrine

of equivalents, with knowledge of the '347 Patent and intent that such infringement occur. Identification of the accused products and services will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

13.     The Accused Products and Services satisfy all claim limitations of one or more claims of the '347 Patent.  A claim chart comparing exemplary independent claim 1 of the '347 Patent to representative Accused Products and Services is attached as Exhibit 2.

14.     Defendants also knowingly and intentionally induce infringement of one or more claims of the '347 Patent in violation of 35 U.S.C. § 271(b).  At least as of the filing and service of this complaint, Defendants have knowledge of the '347 Patent and the infringing nature of the Accused Products and Services through, for example, the '347 Patent claim charts served therewith.  Despite this knowledge of the '347 Patent, Defendants continue to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website and materials cited in Exhibit 2) to use the Accused Products and Services in ways that directly infringe the '347 Patent.  For example, Defendants advertises the benefits of AWS      CloudFront      and      Amazon      Prime.      See      Ex.      3 (https://web.archive.org/web/20250423192348/https://aws.amazon.com/solutions/case-studies/amazon-prime-video/); Ex. 4 (https://aws.amazon.com/blogs/networking-and-content-delivery/using-multiple-content-delivery-networks-for-video-streaming-part-1/);      Ex.      5 (https://docs.aws.amazon.com/pdfs/whitepapers/latest/amazon-cloudfront-media/amazon-cloudfront-media.pdf);                               Ex.                               6 (https://docs.aws.amazon.com/AmazonCloudFront/latest/DeveloperGuide/real-time-logs.html). Further, Defendants provide customers with instructions and user guides detailing how to setup, configure, and utilize the Accused Products and Services to utilize the infringing functionality.

See, e.g., Ex. 7 (https://docs.aws.amazon.com/AWSEC2/latest/UserGuide/concepts.html);  Ex. 8 (https://docs.aws.amazon.com/enclaves/latest/user/nitro-enclave.html).  Defendants provide these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products and Services, despite their knowledge of the '347 Patent, thereby specifically intending for and inducing its customers to infringe the '347 Patent through the customers' normal and customary use of the Accused Products and Services.

15.    Defendants have also infringed, and continue to infringe, one or more claims of the '347 Patent by selling, offering for sale, or importing into the United States, the Accused Products and Services, knowing that the Accused Products and Services constitute a material part of the inventions claimed in the '347 Patent, are especially made or adapted to infringe the '347 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  At least as of the filing and service of this complaint, Defendants have knowledge of the '347 Patent and the infringing nature of the Accused Products and Services through, for example, the '347 Patent claim chart served therewith.  Defendants have been, and currently are, contributorily infringing the '347 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the accused traffic monitoring features constitute a material part of the inventions claimed in the '347 Patent, are especially made or adapted to infringe the '347 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 2.

16.    On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 with respect to the asserted system claims of the '347 Patent during

the relevant time period because Plaintiff, any predecessor assignees to the '347 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '347 Patent during the relevant time period or were not required to mark during the relevant time period.

17.     As a result of Defendants' direct infringement of the '347 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

18.     As a result of Defendants' indirect infringement of the '347 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, accruing as of the time Defendants obtained knowledge of the '347 Patent.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 9,800,633

19.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

20.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,800,633, titled "Just-in-time distributed video cache."  The '633 Patent was duly and legally issued by the United States Patent and Trademark Office on October 24, 2017.  The '633 Patent is valid and enforceable. A true and correct copy of the '633 Patent is attached hereto as Exhibit 9.

21.     Upon information and belief, Defendants have infringed and continues to infringe, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of

U.S. Patent No. 9,800,633, including at least claim 1, under 35 U.S.C. §§ 271 (a), (b), and (c) by performing each step of the claimed method, and by directing or controlling the performance of such steps by third parties. Defendants offer, provide, maintain, operate, and administer optimized streaming video services, including without limitation Amazon Prime Video and AWS CloudFront, that perform the steps of the claimed method either directly through its own actions, through the operation of equipment under its control, or through customers acting under conditions established and orchestrated by Defendant (the "Accused Products and Services"). By making, using, offering for sale, selling and/or importing into the United States the Accused Products and Services, Defendants have injured Plaintiff and are liable for infringement of the '633 Patent pursuant to 35 U.S.C. § 271(a).

22.     Defendants further induce infringement under 35 U.S.C. § 271(b) by encouraging, instructing, or otherwise facilitating customers and end users to use the Accused Products and Services, in a manner that directly infringes the claimed method, literally and/or under the doctrine of equivalents, with knowledge of the '633 Patent and intent that such infringement occur. Identification of the accused products and services will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

23.     The Accused Products and Services satisfy all claim limitations of one or more claims of the '633 Patent.  A claim chart comparing exemplary independent claim 1 of the '633 Patent to representative Accused Products and Services is attached as Exhibit 10.

24.     Defendants also knowingly and intentionally induce infringement of one or more claims of the '633 Patent in violation of 35 U.S.C. § 271(b).  At least as of the filing and service of this complaint, Defendants have knowledge of the '633 Patent and the infringing nature of the Accused Products and Services through, for example, the '633 Patent claim charts served

therewith.  Despite this knowledge of the '633 Patent, Defendants continue to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website and materials cited in Exhibit 10) to use the Accused Products and Services in ways that directly infringe the '633 Patent Patent.  For example, Defendants advertises the benefits of AWS CloudFront and Amazon Prime.  See Ex. 3 (https://web.archive.org/web/20250423192348/https://aws.amazon.com/solutions/case-studies/amazon-prime-video/); Ex. 4 (https://aws.amazon.com/blogs/networking-and-content-delivery/using-multiple-content-delivery-networks-for-video-streaming-part-1/); Ex. 11 (https://aws.amazon.com/blogs/networking-and-content-delivery/using-multiple-content-delivery-networks-for-video-streaming-part-2/); Ex. 12 (https://d1.awsstatic.com/whitepapers/amazon-cloudfront-for-media.pdf); Ex. 13 (https://aws.amazon.com/cloudfront/streaming/); Ex. 14 (https://www.primevideo.com/help?nodeId=GXMWDGNCPX2JLPFH&pop-up=1).  Further, Defendants provide customers with instructions and user guides detailing how to setup, configure, and utilize the Accused Products and Services to utilize the infringing functionality.  See, e.g., Ex. 15 (https://docs.aws.amazon.com/AmazonCloudFront/latest/DeveloperGuide/HTTPandHTTPSRequests.html); Ex. 16 (https://docs.aws.amazon.com/AmazonCloudFront/latest/DeveloperGuide/HowCloudFrontWorks.html); Ex. 17 (https://docs.aws.amazon.com/AmazonCloudFront/latest/DeveloperGuide/HowCloudFrontWorks.html#CloudFrontRegionaledgecaches).  Defendants provide these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that its customers

and end users will commit these infringing acts.  Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products and Services, despite their knowledge of the '633 Patent, thereby specifically intending for and inducing its customers to infringe the '633 Patent through the customers' normal and customary use of the Accused Products and Services.

25.    Defendants have also infringed, and continue to infringe, one or more claims of the '633 Patent by selling, offering for sale, or importing into the United States, the Accused Products and Services, knowing that the Accused Products and Services constitute a material part of the inventions claimed in the '633 Patent, are especially made or adapted to infringe the '633 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  At least as of the filing and service of this complaint, Defendants have knowledge of the '633 Patent and the infringing nature of the Accused Products and Services through, for example, the '633 Patent claim chart served therewith.  Defendants have been, and currently are, contributorily infringing the '633 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the accused traffic monitoring features constitute a material part of the inventions claimed in the '633 Patent, are especially made or adapted to infringe the '633 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 10.

26.    On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 with respect to the asserted system claims of the '633 Patent during the relevant time period because Plaintiff, any predecessor assignees to the '633 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '633 Patent during the relevant time period or were not required to mark during the relevant time period.

27.    As a result of Defendants' direct infringement of the '633 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

28.    As a result of Defendants' indirect infringement of the '633 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, accruing as of the time Defendants obtained knowledge of the '633 Patent.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 10,484,442

29.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

30.    Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,484,442, titled "Just-in-time distributed video cache." The '442 Patent was duly and legally issued by the United States Patent and Trademark Office on November 19, 2019. The '442 Patent is valid and enforceable. A true and correct copy of the '442 Patent is attached hereto as Exhibit 18.

31.    Upon information and belief, Defendants have infringed and continues to infringe, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of U.S. Patent No. 10,484,442, including at least claim 1, under 35 U.S.C. §§ 271 (a), (b), and (c) by performing each step of the claimed method, and by directing or controlling the performance of such steps by third parties. Defendants offer, provide, maintain, operate, and administer selective

streaming video services, including without limitation AWS Elemental MediaTailor in combination with AWS CloudFront, that perform the steps of the claimed method either directly through its own actions, through the operation of equipment under its control, or through customers acting under conditions established and orchestrated by Defendant (the "Accused Products and Services"). By making, using, offering for sale, selling and/or importing into the United States the Accused Products and Services, Defendants have injured Plaintiff and are liable for infringement of the '442 Patent pursuant to 35 U.S.C. § 271(a).

32.    Defendants further induce infringement under 35 U.S.C. § 271(b) by encouraging, instructing, or otherwise facilitating customers and end users to use the Accused Products and Services, in a manner that directly infringes the claimed method, literally and/or under the doctrine of equivalents, with knowledge of the '442 Patent and intent that such infringement occur. Identification of the accused products and services will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

33.    The Accused Products and Services satisfy all claim limitations of one or more claims of the '442 Patent.  A claim chart comparing exemplary independent claim 1 of the '442 Patent to representative Accused Products and Services is attached as Exhibit 19.

34.    Defendants also knowingly and intentionally induce infringement of one or more claims of the '442 Patent in violation of 35 U.S.C. § 271(b).  At least as of the filing and service of this complaint, Defendants have knowledge of the '442 Patent and the infringing nature of the Accused Products and Services through, for example, the '442 Patent claim charts served therewith.  Despite this knowledge of the '442 Patent, Defendants continue to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website and materials cited in Exhibits ## and ##) to use the Accused Products and

Services in ways that directly infringe the '442 Patent. For example, Defendants advertises the benefits of AWS CloudFront and Amazon MediaTailor. See, e.g., Ex. 13 (https://aws.amazon.com/cloudfront/streaming/); Ex. 20 (https://docs.aws.amazon.com/mediatailor/latest/ug/integrating-cdn-standard.html); Ex. 21 (https://docs.aws.amazon.com/mediatailor/latest/ug/ad-reporting-server-side.html); Ex. 22 (https://web.archive.org/web/20250315183758/https://aws.amazon.com/about-aws/whats-new/2017/11/introducing-aws-elemental-mediatailor/ ). Further, Defendants provide customers with instructions and user guides detailing how to setup, configure, and utilize the Accused Products and Services to utilize the infringing functionality. See, e.g., Ex. 7 (https://docs.aws.amazon.com/AWSEC2/latest/UserGuide/concepts.html) Ex. 23 (https://aws.amazon.com/solutions/?nc1=f_cc); Ex. 24 (https://aws.amazon.com/solutions/media-entertainment/?awsf.solution-area-4=solutions-use-case%23uc-met-10020&solutions-all.sort-by=item.additionalFields.date&solutions-all.sort-order=desc&awsf.solution-type=*all&awsf.solution-area-1=*all&awsf.solution-area-2=*all&awsf.solution-area-3=*all&awsf.solution-area-5=*all&awsf.solution-area-6=*all#solutions?trk=fs_card); Ex. 25 (https://aws.amazon.com/mediatailor/getting-started/); Ex. 26 (https://docs.aws.amazon.com/mediatailor/latest/ug/what-is.html). Defendants provide these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products and Services, despite their knowledge of the '442 Patent, thereby specifically intending for and inducing its customers to infringe the '442 Patent through the customers' normal and customary use of the Accused Products and Services.

35.     Defendants have also infringed, and continue to infringe, one or more claims of the '442 Patent by selling, offering for sale, or importing into the United States, the Accused Products and Services, knowing that the Accused Products and Services constitute a material part of the inventions claimed in the '442 Patent, are especially made or adapted to infringe the '442 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  At least as of the filing and service of this complaint, Defendants have knowledge of the '442 Patent and the infringing nature of the Accused Products and Services through, for example, the '442 Patent claim chart served therewith.  Defendants have been, and currently are, contributorily infringing the '442 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the accused traffic monitoring features constitute a material part of the inventions claimed in the '442 Patent, are especially made or adapted to infringe the '442 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 18.

36.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 with respect to the asserted system claims of the '442 Patent during the relevant time period because Plaintiff, any predecessor assignees to the '442 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '442 Patent during the relevant time period or were not required to mark during the relevant time period.

37.     As a result of Defendants' direct infringement of the '442 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

38.     As a result of Defendants' indirect infringement of the '442 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, accruing as of the time Defendants obtained knowledge of the '442 Patent.

### COUNT IV

### INFRINGEMENT OF U.S. PATENT NO. 10,375,444

39.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

40.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,375,444, titled "Partial video pre-fetch."  The '444 Patent was duly and legally issued by the United States Patent and Trademark Office on August 6, 2019.  The '444 Patent is valid and enforceable.  A true and correct copy of the '444 Patent is attached hereto as Exhibit 27.

41.     Upon information and belief, Defendants have infringed and continues to infringe, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of U.S. Patent No. 10,375,444, including at least claim 1, under 35 U.S.C. §§ 271 (a), (b), and (c) by performing each step of the claimed method, and by directing or controlling the performance of such steps by third parties. Defendants offer, provide, maintain, operate, and administer services for playback of online content on user devices, including without limitation Amazon Prime Video and Amazon AWS Elemental MediaTailor, that perform the steps of the claimed method either directly through its own actions, through the operation of equipment under its control, or through customers acting under conditions established and orchestrated by Defendant (the "Accused

Products and Services"). By making, using, offering for sale, selling and/or importing into the United States the Accused Products and Services, Defendants have injured Plaintiff and are liable for infringement of the '444 Patent pursuant to 35 U.S.C. § 271(a).

42.    Defendants further induce infringement under 35 U.S.C. § 271(b) by encouraging, instructing, or otherwise facilitating customers and end users to use the Accused Products and Services, in a manner that directly infringes the claimed method, literally and/or under the doctrine of equivalents, with knowledge of the '444 Patent and intent that such infringement occur. Identification of the accused products and services will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

43.    The Accused Products and Services satisfy all claim limitations of one or more claims of the '444 Patent.  A claim chart comparing exemplary independent claim 1 of the '444 Patent to representative Accused Products and Services is attached as Exhibit 28.

44.    Defendants also knowingly and intentionally induce infringement of one or more claims of the '444 Patent in violation of 35 U.S.C. § 271(b).  At least as of the filing and service of this complaint, Defendants have knowledge of the '444 Patent and the infringing nature of the Accused Products and Services through, for example, the '444 Patent claim charts served therewith.  Despite this knowledge of the '444 Patent, Defendants continue to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website and materials cited in Exhibit 28) to use the Accused Products and Services in ways that directly infringe the '444 Patent.  See, e.g., Ex. 13 (https://aws.amazon.com/cloudfront/streaming/); Ex. 20 (https://docs.aws.amazon.com/mediatailor/latest/ug/integrating-cdn-standard.html); Ex. 21 (https://docs.aws.amazon.com/mediatailor/latest/ug/ad-reporting-server-side.html); Ex. 22

(https://web.archive.org/web/20250315183758/https://aws.amazon.com/about-aws/whats-new/2017/11/introducing-aws-elemental-mediatailor/); Ex. 29 (https://docs.aws.amazon.com/mediatailor/latest/ug/ad-behavior.html). Further, Defendants provide customers with instructions and user guides detailing how to setup, configure, and utilize the Accused Products and Services to utilize the infringing functionality. See, e.g., Ex. 3 (https://web.archive.org/web/20250423192348/https://aws.amazon.com/solutions/case-studies/amazon-prime-video/); Ex. 30 (https://docs.aws.amazon.com/mediatailor/latest/ug/what-is-flow.html); Ex. 7 (https://docs.aws.amazon.com/AWSEC2/latest/UserGuide/concepts.html); Ex. 23 (https://aws.amazon.com/solutions/?nc1=f_cc); Ex. 24 (https://aws.amazon.com/solutions/media-entertainment/?awsf.solution-area-4=solutions-use-case%23uc-met-10020&solutions-all.sort-by=item.additionalFields.date&solutions-all.sort-order=desc&awsf.solution-type=*all&awsf.solution-area-1=*all&awsf.solution-area-2=*all&awsf.solution-area-3=*all&awsf.solution-area-5=*all&awsf.solution-area-6=*all#solutions?trk=fs_card); Ex. 25 (https://aws.amazon.com/mediatailor/getting-started/); Ex. 26 (https://docs.aws.amazon.com/mediatailor/latest/ug/what-is.html); Ex. 31 (https://www.amazon.com/gp/help/customer/display.html?nodeId=GKE2YYEA6GB62ULS). Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products and Services, despite their knowledge of the '444 Patent, thereby specifically intending for and inducing its customers to infringe the '444 Patent through the customers' normal and customary use of the Accused Products and Services.

45.     Defendants have also infringed, and continue to infringe, one or more claims of the '444 Patent by selling, offering for sale, or importing into the United States, the Accused Products and Services, knowing that the Accused Products and Services constitute a material part

of the inventions claimed in the '444 Patent, are especially made or adapted to infringe the '444 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. At least as of the filing and service of this complaint, Defendants have knowledge of the '444 Patent and the infringing nature of the Accused Products and Services through, for example, the '444 Patent claim chart served therewith. Defendants have been, and currently are, contributorily infringing the '444 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the accused traffic monitoring features constitute a material part of the inventions claimed in the '444 Patent, are especially made or adapted to infringe the '444 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 28.

46.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 with respect to the asserted system claims of the '444 Patent during the relevant time period because Plaintiff, any predecessor assignees to the '444 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '444 Patent during the relevant time period or were not required to mark during the relevant time period.

47.     As a result of Defendants' direct infringement of the '444 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

48.     As a result of Defendants' indirect infringement of the '444 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the

invention by Defendants, together with interest and costs as fixed by the Court, accruing as of the time Defendants obtained knowledge of the '444 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.      A judgment in favor of Plaintiff that AWS has infringed, either literally and/or under the doctrine of equivalents, the '347, '633, '442, and '444 Patents;

b.      A judgment and order requiring Defendant to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for AWS's infringement of the '347, '633, '442, and '444 Patents;

c.      A judgment and order requiring Defendant to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court in equity.

d.      A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the accused products;

e.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant; and

f.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  June 4, 2025

Respectfully submitted,

*/s/ Brett E. Cooper*
Brett E. Cooper (NY SBN 4011011)
bcooper@bclgpc.com
Seth Hasenour (TX SBN 24059910)
shasenour@bclgpc.com
Jonathan Yim (TX SBN 24066317)
jyim@bclgpc.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bclgpc.com

**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Phone: 212-951-0100

***Attorneys for Plaintiff Tir Technologies Limited***