# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TIR TECHNOLOGIES LIMITED,<br><br>                                PLAINTIFF,<br>        v.<br><br>AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AND AMAZON WEB SERVICES, INC.,<br>                                DEFENDANTS. | Case No.  1:25-cv-00865-RP<br><br>JURY TRIAL DEMANDED |

**[PROPOSED] SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, the following Agreed Scheduling Order is issued by the Court:

1. The party asserting claims for relief shall submit a written offer of settlement to opposing parties on or before **September 2, 2025**, and each opposing party shall respond, in writing, on or before **September 23, 2025**.  All offers of settlement are to be private, not filed.  The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorneys' fees and costs at the conclusion of trial.

2. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before **September 23, 2025**.

3. The parties shall serve initial disclosures on or before **September 23, 2025**.

4. On or before **September 8, 2025**, Plaintiff Tir Technologies Ltd. ("Tir") shall serve a disclosure of asserted claims and preliminary infringement contentions (and accompanying document production) containing the following information: a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found; the priority date that Plaintiff

contends each asserted claim is entitled to, along with all evidence supporting that priority date; a copy of the file history for the patent-in-suit. To the extent Plaintiff Tir seeks to amend its contentions to add additional patent claims, Plaintiff Tir must seek leave of Court so the Court can address any scheduling and procedural issues.[1]

5. On or before **November 17, 2025**, Defendants Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. ("Amazon") shall serve its preliminary invalidity contentions in the form of claim charts setting forth where in the prior art references each element of the asserted claim(s) are found. Amazon shall also include an identification of any limitations that Amazon contends are indefinite or lack written description under 35 U.S.C. § 112, and an identification of any claims that Amazon contends are directed to ineligible subject matter under 35 U.S.C. § 101. Amazon shall also produce all prior art referenced in the invalidity contentions and technical documents, including source code, sufficient to show the operation of the accused products.

6. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before **November 18, 2025**.

7. The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before **September 3, 2026**.

8. The following schedule shall apply to claim construction proceedings in this case:

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material.

a. On or before **February 2, 2026**, the parties shall concurrently exchange a list of claim terms a party believes should be construed by the Court and identify any claim element a party contends should be governed by 35 U.S.C. § 112(f).

b. On or before **February 23, 2026**, the parties shall concurrently exchange proposed constructions. At the same time, the parties exchange their respective proposed claim constructions, they must each also exchange a preliminary identification of extrinsic evidence, including, without limitation, dictionary definitions, citations to learned treatises and prior art, and a preliminary identification of any expert witnesses they contend support their respective claim constructions. With respect to any expert witness, the parties must also provide a brief description of the substance of that witness' proposed testimony.

c. On or before **March 4, 2026**, the parties shall meet and confer to narrow the terms in dispute.

d. On or before **April 1, 2026**, Amazon shall file its Opening Claim Construction Brief with supporting evidence, including any declarations of expert witnesses in support of claim construction. The page limit for the Opening Claim Construction Brief shall be 30 pages, exclusive of the caption, signature block, any certificate, and exhibits.

e. On or before **April 22, 2026**, Tir shall file its Responsive Claim Construction Brief with supporting evidence, including any responsive declarations of expert witnesses in support of its responsive positions. The

        page limit for the Responsive Claim Construction Brief shall be 30 pages, exclusive of the caption, signature block, any certificate, and exhibits.

    f.    On or before **May 6, 2026**, Amazon shall file its Reply Claim Construction Brief with supporting evidence. The page limit for the Reply Claim Construction Brief shall be 15 pages, exclusive of the caption, signature block, any certificate, and exhibits.

    g.    On or before **May 20, 2026**, Tir shall file its Sur-Reply Claim Construction Brief with supporting evidence. The page limit for the Sur-Reply Claim Construction Brief shall be 15 pages, exclusive of the caption, signature block, any certificate, and exhibits.

    h.    The Court shall hold a claim construction hearing on a date to be determined. The parties propose **June 24, 2026**, subject to rescheduling at the Court's convenience or in the event that Defendants' Motions to Dismiss (Dkts. 18, 19) have not yet been decided by the Court.

9. Fact Discovery opens **1 Business Day** after the claim construction hearing. Except with regard to venue, jurisdictional, and claim construction-related discovery,[2] all other discovery shall be stayed until after the claim construction hearing.

10. On or before **4** weeks **after the Court's claim construction order**, Tir shall serve its Final Infringement Contentions if it believes in good faith that the Court's claim construction order so requires. On or before **8** weeks **after the Court's claim construction order**, Amazon shall serve its Final Invalidity Contentions if (a) Tir has served Final Infringement Contentions or (b) Amazon

---

[2] Any claim construction-related discovery will be limited to issues raised during the claim construction process and will not extend to any other issues in the case.

believes in good faith that the Court's claim construction order so requires. After service of Final Infringement Contentions or Final Invalidity Contentions, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after they serve their preliminary contentions.

11. The parties shall complete fact discovery on or before **February 18, 2027**.

12. Tir shall serve a Preliminary Election of Asserted Claims identifying no more than ten Asserted Claims from each patent and no more than a total of 32 Asserted Claims on or before **February 25, 2027**. Amazon shall serve a Preliminary Election of Prior Art References identifying no more than twelve prior art references against each patent and no more than a total of 40 references on or before **March 11, 2027**.[3]

13. All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) (i.e., burden of proof expert reports) on or before **March 22, 2027**. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) (i.e., rebuttal expert reports) on or before **April 26, 2027**.

14. The parties shall complete expert discovery on or before **May 17, 2027**.

---

[3] A prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist. A combination of two or more references from the twelve prior art references identified for each patent shall not be counted as a separate independent reference against that patent.

15. Tir shall serve a Final Election of Asserted Claims identifying no more than five Asserted Claims per patent from among the ten previously identified claims and not more than sixteen total Asserted Claims on or before **May 24, 2027**. Amazon shall serve a Final Election of Prior Art References identifying not more than six prior art references from among the twelve prior art references previously identified for that particular patent and not more than a total of twenty prior art references on or before **June 7, 2027**.[4]  For purposes of this Final Election of Prior Art, each obviousness combination counts as a separate prior art reference.

16. All dispositive motions and Daubert motions shall be filed on or before **June 14, 2027** and shall be limited to 25 pages each.  Each side's dispositive motions shall not exceed 60 pages collectively, excluding attachments.  Additionally, each side is limited to one Daubert motion per expert.  Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 25 pages each.  Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.  Sur-replies shall be filed and served on all other parties not later than 7 days after the service of the reply and shall be limited to 10 pages.

17. The Court will set this case for final pretrial conference at a later time.  The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.  The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.

---

[4] A prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

**18. The parties shall not complete the following paragraph. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.**

19. This case is set for _____ trial commencing at 9:00 a.m. on _____, 20_____. Jury selection may occur the Friday before the case is set for trial.

The parties may modify the deadlines in this Order by agreement, with the exception of the dispositive motions deadline and the trial date. Those dates are firm. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order.

Signed on _____, 2025.

_____

HON. ROBERT PITMAN

UNITED STATES DISTRICT JUDGE