# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **TIR TECHNOLOGIES LIMITED,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No.  1:25-CV-865-RP** |
| | § | |
| **AMAZON.COM SERVICES LLC,** | § | |
| **ET AL.,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court is Amazon Development Center U.S., Inc. ("Amazon Development"), AWS Security Assurance Services LLC ("AWS Security Assurance"), and Amazon Data Services Inc. ("Amazon Data Services," and collectively, the "New Defendants")[1] motion to dismiss, Dkt. 43, and all related briefing. After reviewing these filings and the relevant case law, the undersigned recommends that the District Judge deny the New Defendants' motion to dismiss.

## I.    BACKGROUND

Plaintiff Tir Technologies Limited ("Tir") filed this lawsuit against Amazon.com, Inc. ("ACI"),[2] Amazon.com Services, LLC ("ASL"), and Amazon Web Services, Inc. ("AWS," and with the "New Defendants" and ASL, "Defendants") for

---

[1] Plaintiff Tir Technologies Limited also sued Amazon.com Services LLC and Amazon Web Services, Inc., who did not join this motion to dismiss. Dkts. 27, 32.

[2] ACI was dismissed from this lawsuit without prejudice by joint stipulation. Dkt. 26.

1

infringement of four patents: U.S. Patent Nos. 8,792,347 ("the '347 Patent"), 9,800,633 ("the '633 Patent"), 10,484,442 ("the '442 Patent"), and 10,375,444 ("the '444 Patent," and collectively, the "Asserted Patents"). Dkt. 1, at 3-19. The Asserted Patents relate to improvements in processing devices and systems. Dkt. 27, at 1. Tir amended its complaint to add claims for direct and indirect infringement against the New Defendants. *Id.* at 5-25. In its amended complaint, Tir alleged that Amazon Development and AWS Security Assurance have infringed on the Asserted Patents, and that Amazon Data Services has infringed the '347 Patent, the '633 Patent, and the '442 Patent. *Id.* Tir claims that the New Defendants infringed the Asserted Patents by using the claimed inventions in their services or inducing and/or contributing to the infringement of the claim inventions by third parties. *Id.*

The New Defendants moved to dismiss the claims, arguing that Tir failed to identify any connection between the New Defendants and the alleged infringement, or include any specific allegations as to the New Defendants' indirect infringement. Dkt. 43, at 5-6, 9-15. Tir responds that it has plausibly alleged its claims against the New Defendants, and in the alternative, requests leave to amend. Dkt. 50. In reply, the New Defendants maintain that Tir failed to identify sufficient factual support for its claims or how amendment would cure the deficiency. Dkt. 53. The undersigned evaluates each of Tir's claims against the New Defendants below.

## II.    LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a

12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her

3

claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey*, 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III.    DISCUSSION

### A.    Tir has adequately stated its claims for direct infringement against the New Defendants.

The New Defendants first argue that Tir did not plausibly allege that they directly infringed the Asserted Patents because it did not specify how the New Defendants perform or direct the performance of the claims. Dkt. 43, at 9-10. The New Defendants also assert that Tir's claim that Amazon Data Services "makes" the products which Tir believes infringe on certain of the Asserted Patents is not legally cognizable, and that Tir otherwise failed to include any factual allegations showing that Amazon Data Services directly infringed the '444 Patent. *Id.* at 10, 11-12. Tir responds that it has plausibly stated claims for direct infringement against the New Defendants by alleging that they use the claimed inventions. Dkt. 50, at 8-10. As to Amazon Data Services, Tir insists that its claim that Amazon Data Services makes the functionality contained in three of the Asserted Patents is plausible and clarifies that it does not allege that Amazon Data Services infringed the '444 Patent. *Id.* at 10-

12.[3] In reply, the New Defendants maintain that Tir has not sufficiently alleged that they "use" or that Amazon Data Services "makes" the accused products.

To state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant "without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent." 35 U.S.C. § 271(a); Fed. R. Civ. P. 8(a). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests.'" *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). A defendant has fair notice of a direct-infringement claim if the complaint specifically identifies the allegedly infringing product and the patent the product infringes. *Id.*

The New Defendants assert that Tir cannot maintain its direct-infringement claims by "simply identify[ing] patents it owns and alleg[ing] that random Amazon-affiliated entities use the claimed methods." Dkt. 43, at 11. Yet in its complaint, Tir identifies the allegedly infringing product that each of the New Defendants uses, as well as the patent that product infringes. Dkt. 27, at 6 (alleging that "Amazon Development uses the selective traffic monitoring services of both Amazon Prime Video and AWS CloudFront as part of the design, development, and testing of additional Amazon products and services," which infringes the '347 Patent), 6 (alleging that (1) "AWS Security Assurance uses the selective traffic monitoring services of AWS CloudFront as part of the design, development and testing for third-

---

[3] Because Tir does not contend that Amazon Data Services infringed the '444 Patent, the undersigned need not assess Defendants' argument that Tir has failed to state such a claim.

party customized integration with AWS CloudFront," which infringes the '347 Patent, and (2) "Amazon Data Services makes and/or uses the selective traffic monitoring services of AWS CloudFront as part of providing, maintaining, operating, and administering the data centers from which AWS CloudFront is deployed," which infringes the '347 Patent), 10-11 (alleging how each of the Defendants infringes the '622 Patent through the accused products), 16 (specifying how each of the Defendants infringes the '442 Patent through the accused products), 21 (describing how Amazon Development and AWS Security Assurance infringe the '444 Patent through the accused products). Tir also attached to its complaint claim charts as exhibits, providing examples of how the products infringe each of the Asserted Patents. Dkt. 27, at 53-79, 181-94, 287-320, 405-27.

These allegations are sufficient to "provide [the New Defendants] fair notice of infringement of the [Asserted Patents]." *Disc Disease*, 888 F.3d at 1260; *Resonant Sys., Inc. v. Sony Grp. Corp.*, No. 2:22-CV-00424-JRG, 2023 WL 5723646, at *2 (E.D. Tex. Sept. 5, 2023) (finding that plaintiff adequately stated claim for direct infringement where "[d]efendants ha[d] notice of which product is accused, and how they infringe"). The New Defendants cite *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, No. 5:19-CV-243-H, 2020 WL 5500238, at *5, *7 (N.D. Tex. Sept. 11, 2020), for the proposition that Tir has not adequately alleged their involvement in the use of the accused product. Dkt. 43, at 10-11. Yet there, the court found plaintiff's allegation that defendant sold the accused product deficient where it was based only upon the fact that plaintiff discovered the accused product with a customer, and defendant had

presented evidence that it did not offer that product for sale. *Soar*, 2020 WL 5500238, at *7. The New Defendants also cite *Nu-You Tech., LLC v. Beauty Town Int'l Inc.*, No. 3:15-CV-03433-N, 2016 WL 4717991, at *2 (N.D. Tex. July 7, 2016), in their reply, yet there, the Court dismissed a direct infringement claim based on a patent claim for a "method of sculpting hair" that requires application of a "styling liquid," but defendant's product did not come with or reference the use of any styling liquid. Dkt. 53, at 4-5.

Here, in contrast, Tir identified "particular feature[s]" from "particular product[s]" that "allegedly infringe[] on particular claim[s]," which is all that is required to adequately state a claim for direct infringement.[4] Dkt. 27, at 6, 10-11, 21, 53-79, 181-194, 287-320, 405-427; *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, No. 2:21-CV-00172-JRG, 2022 WL 610796, at *3 (E.D. Tex. Jan. 24, 2022) ("By identifying a particular feature (the NXP MC33926 chipset which controls the engine's throttle plate) from a particular product (at least the Nissan Altima, Nissan Pathfinder, Infiniti Q50, Infinity Q60, and the engine control modules therein) that allegedly infringes a particular claim (claim 7 of the '850 Patent), [defendant] cannot contend that it lacks notice of [plaintiff]'s claims." (citing *Solocron Educ., LLC v.*

---

[4] Tir also alleges that the New Defendants performed each of the steps the method claims. Dkt. 27, at 5-6, 10-11, 21; *LBS Innovations, LLC v. Nokia USA Inc.*, No. 2:15-CV-1972-JRG, 2016 WL 3407611, at *2 (E.D. Tex. June 21, 2016) ("Typically, to adequately state a claim for direct infringement of a method claim, the complaint must allege that the accused infringer performed each step of the claimed method."). As Tir point out, though, "the '347, '633, and '442 Patents are not limited to method claims." Dkt. 50, at 11. The undersigned thus rejects the New Defendants' argument that Tir's allegations that Amazon Data Services "makes" products are not legally cognizable and therefore should be dismissed, because the direct infringement claims are not based solely on the method claims of the Asserted Patents. Dkt. 27, at 5-6, 10-11, 16.

*Healthstream, Inc.*, No. 2:16-cv-16-JRG, 2016 WL 9137458, at *3 (E.D. Tex. June 7, 2016))); *see also Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-CV-325-JRG, 2016 WL 9275395, at *4 (E.D. Tex. Oct. 19, 2016) (finding that plaintiff sufficiently stated claim where it "identified the asserted patent and claim, described the technology covered by the patent, identified the infringing activity, identified the accused product, and identified how the accused product infringes"). In sum, Tir's allegations against the New Defendants, accepted as true at this stage, are "'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence' in support of the alleged" patent infringement. *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 827 (E.D. Tex. Sept. 27, 2019) (quoting *Twombly*, 550 U.S. at 556). The District Judge should deny the New Defendants' motion to dismiss Tir's direct-infringement claims.

**B.    Tir has adequately stated its claims for induced infringement against the New Defendants.**

The New Defendants next argue that the induced-infringement claims fail because Tir did not allege how they caused or encouraged others to directly infringe the Asserted Patents, or that the New Defendants specifically intended to encourage third-party infringement. Dkt. 43, at 13. Tir responds that it has adequately stated its claims for induced infringement by alleging that the New Defendants, as well as ASL and AWS, collectively induced customers and end users to infringe the Asserted Patents. Dkt. 50, at 12-16. In reply, the New Defendants contend that Tir's allegations that they are subsidiaries of the same parent corporation are insufficient,

without more, to support Tir's claims for induced infringement against the New Defendants. Dkt. 53, at 7-8.

A claim for induced infringement under 35 U.S.C. § 271(b) requires: (1) an act of direct infringement; and (2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005); *see also Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304–05 (Fed.Cir.2002). "For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (alterations in original) (quoting *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). "[T]he pleading standard set out by *Iqbal* and *Twombly* does not require identification of actions 'on a defendant-by-defendant basis.'" *Resonant Sys., Inc. v. Sony Grp. Corp.*, No. 2:22-CV-00424-JRG, 2023 WL 5723646, at *2 (E.D. Tex. Sept. 5, 2023) (citing *Canon, Inc. v. TCL Elecs. Holdings Ltd.*, No. 2:18-CV-00546-JRG, 2020 WL 1478356, at *5 (E.D. Tex. Mar. 25, 2020); *In re Taasera Licensing LLC, Pat. Litig.*, No. 2:22-CV-00468-JRG, 2023 WL 2716540, at *3-*4 (E.D. Tex. Mar. 29, 2023)).

Here, Tir alleged that "[d]espite knowledge of the" Asserted Patents, Defendants "actively encourage and instruct their customers and/or end users" to use the accused products and services in way that "directly infringe[s]" the Asserted

9

Patents. Dkt. 27, at 7-8 (alleging how Defendants induce third parties to infringe '347 Patent), 11-13 (alleging how Defendants induce third parties to infringe '633 Patent), 16-18 (alleging how Defendants induce third parties to infringe '442 Patent), 21-23 (alleging how Defendants induce third parties to infringe '444 Patent). Tir also provides examples of how Defendants "encourage and instruct" third parties to infringe on the Asserted Patents by advertising the accused products and providing "instructions, user manuals, and other materials" to help users "utilize the infringing functionality." *Id.* at 7-8, 12-13, 17-18, 22-23. These allegations are sufficient to state a claim for induced infringement against the New Defendants, even in the absence of specific allegations aimed at each of the Defendants. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) (finding sufficient the allegations "that [d]efendants had knowledge of the [] patent and performed various activities with specific intent to induce others ... to infringe by, among other activities, providing instructions, support, and technical assistance for the use of the [accused product]").

The New Defendants' arguments to the contrary are unavailing. First, they protest that Tir's allegations relate to how ASL and AWS induced others to infringe, rather than how the New Defendants themselves induced infringement. Dkt. 42, at 13. Yet, as described above, Tir's allegations as to induced infringement refer collectively to Defendants in this lawsuit; Tir also alleges a parent-subsidiary relationship among the parties. Dkt. 27, at 2-3, 7-8, 11-13, 16-18, 21-23; *Canon*, 2020 WL 1478356, at *5 ("[T]he pleading requirements are met when a plaintiff 'pl[eads] facts sufficient to give [defendant] fair notice of what the claim is and the grounds

10

upon which it rests,' for example, when a factual basis for defendant's liability is set forward and the relationship among the named defendants is described." (quoting *Lucas v. Chesapeake Exploration, LLC*, No. 2:12-cv-00592, 2013 WL 5200046, at *5 (E.D. Tex. Sep. 13, 2013))).

The New Defendants cite *Xiros Ltd. v. DePuy Synthes Sales, Inc.*, No. 21-cv-00681-ADA, 2022 WL 3592449, at *3-4 (W.D. Tex. Aug. 22, 2022), for the proposition that Tir cannot base its induced-infringement allegations on the activities of ASL and AWS. There, however, the plaintiff alleged that defendant's knowledge of the patent derived from the knowledge of its parent company. Dkt. 53, at 7-8. Here, in contrast, Tir alleged that Defendants *themselves* have knowledge of and directly infringe the Asserted Patents—even if the allegations at times lump together Defendants in this lawsuit. Dkt. 27, at 7-8, 11-13, 16-18, 21-23; *Resonant*, 2023 WL 5723646, at *2 (explaining that "requiring an 'identification of actions on a "defendant-by-defendant basis,"' including for induced infringement, goes beyond what is required because doing so would 'impose a higher pleading standard than what is required by the Supreme Court.'" (citing *Canon*, 2020 WL 1478356, at *5; *In re Taasera*, 2023 WL 2716540, at *7)).

The New Defendants further complain that "[t]here are also no factual allegations that explain how the New Defendants specifically intended to encourage a third party's infringement," yet "it is not necessary to provide detailed factual support for each and every element of inducement" at the pleading stage. Dkt. 43, at 13; *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 WL

11

3283371, at *3 (E.D. Tex. Aug. 10, 2012) ("While the Complaint does not explicitly plead facts to show that [defendant] had a specific intent to induce infringement, it is not necessary to provide detailed factual support for each and every element of inducement."); *YETI Coolers, LLC v. RTIC Coolers, LLC*, No. 1:16-CV-264-RP, 2016 WL 3970978, at *5 (W.D. Tex. July 19, 2016) (noting the "the low threshold for proving concepts like knowledge and intent"). The New Defendants refer to *Addiction & Detoxification Inst. LLC v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015), in support of their contention that Tir's allegations as to intent are deficient. There, the complaint "did not include facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement and dropped any allegation that Defendants contributorily infringed the patents" and instead "simply recite[d] the legal conclusion that Defendants acted with specific intent." Dkt. 43, at 13.

Here, in contrast, Tir alleged that Defendants intend for third parties to infringe on the Asserted Patents and supports this contention by "pointing out" that Defendants "provide[] these third parties with instructions, documentation, and other information on how to use the infringing technology." Dkt. 27, at 2-3, 7-8, 11-13, 16-18, 21-23; *Advanced Coding Techs. LLC v. Google LLC*, 759 F. Supp. 3d 755, 759 (E.D. Tex. 2024) (concluding that plaintiff "plead[ed] the intent required to support its claims of induced infringement" where it alleged that "Google intends that customers and end-users use the '101 and '891 Accused Products in an infringing manner, and ACT supports this allegation by pointing out that Google provides these third parties with instructions, documentation, and other information on how to use

12

the infringing technology"). While the New Defendants may ultimately be correct that they do not "have anything to do with those advertisements, instruction manuals, and user guides" forming the basis of the induced-infringement claims, the Court accepts as true at this stage Tir's allegations that all Defendants in this lawsuit have engaged in direct and induced infringement and finds them sufficient to put the New Defendants on notice of "what activity is being accused of infringement." Dkt. 27, at 2-3, 7-8, 11-13, 16-18, 21-23;[5] *In re Taasera*, 2023 WL 2716540, at \*2 (explaining that "[i]n the context of patent infringement" a complaint need only "place the alleged infringer on notice of what activity is being accused of infringement"). The District Judge should deny the New Defendants' motion to dismiss Tir's induced-infringement claims.

### C.   Tir has adequately stated its claims for contributory infringement against the New Defendants.

The New Defendants finally move to dismiss the contributory-infringement claims, once again arguing that Tir failed to include allegations specific to the New Defendants in support of these claims. Dkt. 53, at 14-15. Tir responds that it properly stated these claims by alleging that the New Defendants, as well as ASL and AWS, collectively knew of the infringing nature of their products, which contain material

---

[5] The New Defendants contend that Tir alleges only that ASL and AWS "direct and/or control" the accused systems, yet a review of those citations to the complaint reveal that those allegations are directed at all Defendants in this lawsuit. Dkts. 27, at 2-3, 7-8, 11-13, 16-18, 21-23; 53, at 8. To the extent Defendants dispute whether these allegations are factually accurate, such an argument is inappropriate for resolution at the motion-to-dismiss phase. *Gonzalez v. Int'l Med. Devices, Inc.*, 787 F. Supp. 3d 776, 787 (W.D. Tex. 2025) ("The Court does not resolve any disputed fact issues on a motion to dismiss." (citing *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 633 (1999))).

elements of the Asserted Patents. Dkt. 50, at 14-18. In reply, the New Defendants assert that Tir's allegations as to ASL and AWS cannot be imputed to them and are thus insufficient to support Tir's contributory-infringement claim against the New Defendants. Dkt. 53, at 8-9.

Contributory infringement occurs if a person "offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c). "To state a claim for contributory infringement, a plaintiff must plausibly allege that the accused infringer knew of the asserted patents… and must plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 775 (W.D. Tex. 2022) (citations omitted).

Here, Tir alleged that Defendants obtained knowledge of the infringing activity through this lawsuit and contributed to the infringing activity by offering for sale the accused products and services, which are "made or adapted" to infringe the Asserted Patents and "are not staple articles or commodities of commerce suitable for non-infringing use." Dkt. 27, at 8, 13, 18-19, 23-24. Such allegations are sufficient to state Tir's claims for contributory infringement against the New Defendants. *See Barkan Wireless IP Holdings, L.P. v. T-Mobile US, Inc.*, No. 2:21-CV-00034-JRG, 2021 WL

14

12310942, at *4 (E.D. Tex. Nov. 18, 2021) (denying motion to dismiss contributory-infringement claim where complaint "allege[d] that the accused products 'are designed for a use that is both patented and infringing, and that has no substantial non-infringing uses'"); *see also Clear Imaging Rsch. LLC v. Lenovo Grp. Ltd.*, No. 2:25-CV-00240-JRG, 2026 WL 915465, at *7 (E.D. Tex. Mar. 31, 2026) ("An allegation that the accused products 'are designed for a use that is both patented and infringing, and that has no substantial non-infringing use' ... is sufficient to support a plausible claim [of contributory infringement].").

The New Defendants once again insist that Tir's contributory-infringement claims are deficient because they rest on conduct by ASL and AWS. Dkt. 43, at 14 (citing Dkt. 27, at 8, 13, 18-19, 23-24). Yet as Tir points out, its allegations are directed at all Defendants in this lawsuit, not just ASL and AWS. Dkts. 27, at 8, 13, 18-19, 23-24; 50, at 17. And as explained above, "the pleading standard set out by *Iqbal* and *Twombly* does not require identification of actions 'on a defendant-by-defendant basis.'" *Canon*, 2020 WL 1478356, at *5. Moreover, Tir was not required to "to provide detailed factual support for each and every element of" its claims for contributory negligence. *InMotion*, 2012 WL 3283371, at *3; *see also Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) ("A plaintiff is not required to plead infringement on an element-by-element basis."). Instead, it is enough "that a complaint place the alleged infringer 'on notice of what activity ... is being accused of infringement,'" which as explained above, Tir has done here. Dkt. 27, at 8, 13, 18-19, 23-24; *Lifetime*, 869 F.3d at 1379 (quoting *K-Tech Telecomms., Inc. v. Time Warner*

15

*Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013)). The District Judge should deny the New Defendants' motion to dismiss Tir's contributory-infringement claims.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **DENY** the New Defendants' motion to dismiss, Dkt. 43.

The referral of this case to the Magistrate Judge should now be canceled.

## V.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED May 26, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE